**CITY OF RUSHFORD VILLAGE, State of Minnesota, Petitioner, Appellant,**

v.

**Dennie DARR, et al., Respondents.**

**No. C3–86–202.**

Court of Appeals of Minnesota.

June 24, 1986.

Review Denied Aug. 27, 1986.

David W. Nord, Rippe, Hammell & Murphy, Caledonia, for appellant.

James A. Fabian, St. Charles, for respondents.

Considered and decided by NIERENGARTEN, P.J., and LANSING and HUSPENI, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Appellant, the City of Rushford, brought a petition for condemnation proceedings to acquire an easement over respondent, Dennie Darr's property. The trial court dismissed the petition on the grounds that it violated Minn.Stat. § 117.042 (1984). On appeal, the City of Rushford argues that the trial court erred by dismissing the petition. We agree and reverse and remand.

## FACTS

The trial court found that the City of Rushford installed a water main on Dennie Darr's property without his permission, without commencing a condemnation proceeding for an easement and without compensating Darr for the easement.

Darr, through his attorney, sent a letter to the City of Rushford that stated in part:

Obviously, the City Councilmen know that they cannot take private land except by purchase or formal condemnation proceedings. This can only be characterized as a willful, bad faith trespass, for which we have informed Mr. Darr that he has a cause of action in tort and a basis for seeking actual and punitive or treble damages.

\* \* \* \* \* \*

If no reasonable purchase offer is made in the very near future, the City will have to commence its condemnation proceeding. I have advised Mr. Darr that he can and should bring an action to mandate the City to attempt to condemn, and that his costs and attorneys' fees incurred in bringing such an action would be assessed to the City, pursuant to Minnesota Statutes, Section 117.045.

By this letter, we are advising you and the City Council that unless purchase is completed or condemnation proceedings are commenced within 20 days of the date hereof, Mr. Darr will bring an action against the City Council for \* \* \* punitive damages for trespass, as well as for mandamus to compel that condemnation proceedings be commenced.

The City of Rushford complied with Darr's demands and commenced a condemnation proceeding to acquire an easement. Darr answered the petition claiming that the taking of the easement was not necessary and that the petition was contrary to law. The trial court, concluding that the City of Rushford's petition was in violation of Minn.Stat. § 117.042, dismissed the petition. The City of Rushford moved for vacation of the judgment, amended findings and a new trial. All of these motions were denied.

## ISSUE

Did the trial court err when it dismissed the City of Rushford's petition?

## ANALYSIS

The Minnesota State Constitution article 1, section 13, requires that:

[p]rivate property shall not be taken, destroyed or damaged for public use without just compensation therefor, first paid or secured.

Unfortunately, there are circumstances such as the present case where failure to comply with the mandates of the constitution is evident. In these instances, there must be alternative remedies available to the landowner. In the letter to the City of Rushford, Darr's counsel outlined these alternatives and indicated Darr would "bring an action to mandate the City to attempt to condemn" if the City of Rushford did not commence condemnation proceedings.

■ In instances such as the present case, where a taking occurs and the constitution requires that compensation be made for that taking, an inverse condemnation

may be an appropriate remedy. *See Brooks Investment Co. v. City of Bloomington,* 305 Minn. 305, 232 N.W.2d 911 (1975). Darr contemplated invoking this remedy. However, the City of Rushford complied voluntarily with Darr's request to begin condemnation proceedings, thus obviating the need for Darr to commence an inverse condemnation proceeding. Under either approach, the same relief would be available to the parties. The petition brought by the City of Rushford accomplished exactly what Darr had requested.

 The trial court's determination that the City of Rushford's petition violated Minn.Stat. § 117.042, the "quick-take" statute, was in error. The petition does not indicate that the action is being brought under section 117.042, and that section is totally inapplicable to the facts of this case. Section 117.042 is limited to instances where a government entity contemplates compliance with the eminent domain laws, but needs to take possession of the property before compensation is awarded. *See Cooperative Power Association v. Eaton,* 284 N.W.2d 395, 398 (Minn.1979). Here the City of Rushford neither intended to nor attempted to comply with the eminent domain laws before it installed the water main on Darr's property. It did attempt to comply with the demands of the letter sent to it by Darr's attorney. The City should be permitted to seek the relief it has requested. We believe that under the circumstances here the petition was brought appropriately, not under the provisions of section 117.042, but under the provisions of Minn.Stat. § 117.055 (1984) which reads in relevant part:

> In all cases a petition, describing the desired land, stating by whom and for what purposes it is proposed to be taken, and giving the names of all persons appearing of record or known to the petitioner to be the owners thereof shall be presented to the district court of the county in which the land is situated * * *.

We conclude the provisions of section 117.055 may be invoked to enable the court to fashion a proper remedy for these parties.

### DECISION

The trial court erred when it dismissed the City of Rushford's petition for condemnation proceedings to acquire an easement.

We reverse and remand for further proceedings consistent with this opinion. The trial court shall grant leave to appellant to amend its petition as needed to comply with the provisions of this opinion.

**Reversed and remanded.**